### UNION PAC. RY. CO. v. HARMON et al.

(Circuit Court of Appeals, Eighth Circuit. January 27, 1893.)

### No. 136.

EQUITY—PLEADING—DECREE—APPEAL.

The Union Pacific Railway Company, having sold land, reserving all coal underneath the surface, "also such right of way and other grounds as may be necessary for the proper working of any coal mines," and for the transportation of coal therefrom, subsequently filed a bill averring that there was a vein of coal on the land of sufficient thickness to pay for working; that the company had a right to enter on the land for the purpose of sinking shafts to extract the coal, but that the purchasers, by force and violence, prevented such entry. The bill prayed an injunction to restrain such interference. The answer denied that there was coal on the land, or that the reservation in the deed authorized the complainant to prospect upon the land, and averred that the complainant's railroad crossed the land over a strip 100 feet wide, of which complainant owned the fee, and whereon shafts could be sunk to remove coal from the land. The injunction was denied, and the bill dismissed, no evidence having been taken, as counsel intended that all material facts should be embraced in the pleadings. *Held* that, on the record, the appellate court could not say that the circuit court erred in refusing the injunction, but that the decree dismissing the bill upon its merits was erroneous, since it would probably prevent complainant from thereafter asserting the right to enter upon the land in any way for the purpose of mining coal.

Appeal from the Circuit Court of the United States for the District of Colorado.

In Equity. Bill by the Union Pacific Railway Company against W. M. Harmon, F. H. Harmon, and Guy D. Harmon to restrain defendants from preventing complainant from entering on certain land to mine coal thereon. The circuit court refused an injunction, and dismissed the bill. Complainant appeals. Modified and affirmed.

Willard Teller and H. M. Orahood, (J. M. Thurston and E. B. Morgan, on the brief,) for appellant.

Charles M. Campbell, for appellees.

Before CALDWELL and SANBORN, Circuit Judges, and SHIRAS, District Judge.

SHIRAS, District Judge. From the record in this case it appears that on the 28th of May, 1888, W. M. Harmon, F. H. Harmon, and Guy D. Harmon purchased of the Union Pacific Railway Company 160 acres of land, situated in Boulder county, in the state of Colorado, a deed thereof being executed by the trustees of said company, which contained a reservation as follows:

"Reserving to said company and its assigns all coal that may be underneath the surface of the land herein described; also such right of way and other grounds as may be necessary for the proper working of any coal mines that may be developed upon said premises, and for the transportation of the coal from the same."

On the 7th of January, 1892, the Union Pacific Railway Company filed in the United States circuit court, for the district of Colorado, a bill in equity, wherein it was averred that the greater part of the land conveyed by the deed above described is underlaid with a vein of coal of sufficient thickness to pay for working and mining the same; that, under the reservation in the deed, the company has the right to enter upon the land for the purpose of boring for coal and sinking and making shafts and other openings for the purpose of extracting and removing the coal; that on the 12th day of December, 1891, the company entered upon the land for the purpose of sinking a drill hole to the vein of coal, and for the purpose of sinking a shaft and making an opening for the mining and removing the coal therefrom; that, for the purposes named, the company placed upon the land a drill and other machinery; that W. M. Harmon, F. H. Harmon, and Guy D. Harmon removed said drill and machinery from the land, and by threats, force, and violence have prevented the employes of the company from again entering upon the land, and from drilling, working, or mining thereon. To this bill the persons named, to wit, W. M. Harmon, F. H. Harmon, and Guy D. Harmon, were made defendants, and relief, by way of injunction, was prayed, restraining the defendants from in any way or manner interfering with the company in entering upon the land, and sinking for, mining, and extracting the coal from said land.

To this bill an answer was filed, wherein it was in effect denied that there was any coal underneath the premises in question, and it was averred that the exception and reservation contained in the deed did not authorize the complainant to prospect upon the land for coal, or to sink holes thereon for any purpose; that the complainant's railroad runs diagonally through the land, over a strip 100 feet in width, the fee of which is owned by the railway company; and that it was therefore within the power of the company to remove all coal underlying the land in question by shafts sunk upon the premises of complainant and levels run therefrom. It further appears that the defendants had removed the drill and other ma-

chinery belonging to the complainant from the land, and had forbidden the company from entering upon the land for any purpose whatsoever. To this answer a replication was filed, and the case was submitted to the court upon the pleadings, no proofs being taken, and the court adjudged that "the injunction prayed in complainant's bill of complaint be denied, and that the bill of complaint herein be dismissed at complainant's cost." Thereupon the complainant moved the court to set aside the decree or judgment, and for leave to take testimony upon the question of the usual manner of mining coal, and especially in regard to the manner in which the same would have to be mined upon the land described in the bill of complaint. The court refused to grant a rehearing, or to open the case for the taking of testimony, and thereupon the complainant company appealed to this court.

It is stated in the brief of counsel for the appellant that "it was intended by counsel for appellant, and we think counsel for the appellees had the same understanding, to have all the material facts necessary for a proper decision of this case embraced in the pleadings." From the character of the pleadings and the arguments of counsel, we have no doubt that this statement of the intention of counsel is well founded. With regard to part of the issues in the case, the recitals in the pleadings are sufficiently full to enable the court to deal understandingly therewith; but, upon the main question in dispute, we do not think the facts necessary to a proper adjudication of the legal rights of the litigants are admitted in the pleadings. It is not made clearly to appear that there is coal in workable quantities upon this land, nor whereabouts thereon it is located, if in fact it exists. On part of the appellees it is strenuously contended that all the coal in the land owned by them can be readily removed by means of shafts sunk upon the premises owned by complainant, and levels connected therewith, thus leaving the suface of the land purchased by the appellees undisturbed and uninjured.

From the averments of the answer it appears that the defendants forbade the company from entering upon the land for any purpose, and yet it is not made to appear clearly that the sinking of shafts upon the premises, in the number and at the points proposed by the company, is reasonably necessary to the proper enjoyment of the rights secured to the complainant company by the exception and reservation contained in the deed under which the defendants claim title to the land in question. The record being in this condition, it would have been entirely proper for the trial court to have required the parties to have submitted evidence upon the matters which were left uncertain by the allegations of the pleadings, but which were necessary to a proper disposition of the case. This, however, was not done, and the case was heard finally upon an imperfect record. As thus submitted, we cannot say that it was error to refuse the granting of an injunction as prayed for in the bill; but we are satisfied that, upon the record as it now is, the circuit court should not have undertaken to pass finally upon the rights of the parties. It is entirely possible that the circuit court did not in-

tend to do more than to refuse the injunction prayed for, but the decree, as entered, dismisses the bill upon its merits, which would probably have the effect of preventing the company from hereafter asserting the right to enter upon the land in any mode for the purpose of removing the coal therefrom. Sufficient appears upon the record to show that the complainant has some rights under the deed to the defendants, but the facts necessary to fully ascertain and adjudicate the extent of such rights are not made to appear. This court cannot, therefore, render a decree upon the merits; nor, on the other hand, do we deem it equitable to affirm a decree which in effect holds that the company has no right to enter upon the land in question, under any circumstances, or for any purpose. In our judgment, it would have been entirely proper for the circuit court to have refused to pass upon the case until evidence had been taken upon the matters in dispute, or, if that course was not deemed advisable, to have dismissed the bill, without prejudice to future proceedings in court, in case the parties could not agree upon their respective rights. Under these circumstances, the decree dismissing the bill of complaint will be affirmed, but with the modification that such dismissal shall be without prejudice to the right of the Union Pacific Railway Company to hereafter institute such proceedings at law or in equity as may be necessary for the ascertainment, protection, and enforcement of its rights in the land in question.