### DE LAVAL SEPARATOR CO. v. VERMONT FARM-MACH. CO.

#### (Circuit Court, D. Vermont. June 10, 1901.)

1. **PATENTS—SUIT FOR INFRINGEMENT—PLEADING.**
   Where a question of the legal sufficiency of the proof of title to a patent arises upon the record after the complainant in a suit for infringement has closed his proofs, the court may, in its discretion, permit the same to be raised and disposed of by a motion by defendant to dismiss, without requiring defendant to abide by the case as then made, in case his motion shall be overruled.

2. **SAME—ASSIGNMENT—AUTHENTICATION BY ACKNOWLEDGMENT.**
   Act 1897 (29 Stat. 693, § 5), providing that if any assignment of a patent "shall be acknowledged" before any notary or consular or other officer authorized to administer oaths or perform notarial acts, the certificate of acknowledgment under hand and seal shall be prima facie evidence of the execution of the instrument, does not by the words "shall be acknowledged" exclude acknowledgments made before its passage, and apply only to those thereafter taken; but any assignment thereafter produced in evidence is sufficiently authenticated, prima facie, if it appears to have been so acknowledged.

In Equity. Suit for infringement of a patent. On motion by defendant to dismiss.

George J. Harding, for plaintiff.
William Edgar Simonds, for defendant.

WHEELER, District Judge. This suit is brought for alleged infringement of a patent. It is at issue, and the plaintiff has closed its opening proofs, including an assignment of the patent, proved only by acknowledgment, according to the act of 1897, taken abroad before the act was passed. The defendant moves to have the bill dismissed for this want of proof of title to the patent, and so of any right to relief. The plaintiff insists that this procedure is irregular, and that the proof is sufficient. This motion is not like

that in Snow v. Sargent (C. C.) 106 Fed. 230, where it was made on affidavits outside of the regular proofs. This title is a part of the plaintiff's case, which would have to be made out on final hearing, and this would be final if the proofs should be held insufficient, and the bill dismissed as to this part of the case. It is similar to a motion at the close of the plaintiff's case in a trial by jury for a direction of a verdict for the defendant, which the court may, in its discretion, hear and decide without requiring the defendant to abide by the case as then made. This is a single material point, arising clearly upon the record, and which has been fully presented by both sides, and, as a matter of discretion, the motion is retained for considering it. The act of 1897 (29 Stat. 693, § 5) provides that: "If any such assignment, grant or conveyance, of any patent shall be acknowledged before any" notary, commissioner, secretary of legation, or consular officer authorized to administer oaths or perform notarial acts, the certificate of acknowledgment, under hand and seal, "shall be prima facie evidence of the execution of the instrument." The defendant contends that "shall be acknowledged" means thereafter acknowledged, and excludes acknowledgments made before; but these words seem to me to refer to the time when the acknowledgment is produced in evidence, rather than to the time when it is taken, and that if it shall then appear to be so acknowledged it will be sufficient. The statute makes what before would have been mere moral evidence prima facie evidence of the execution. This supposed defect in the plaintiff's case therefore disappears. Motion overruled.