## ROBINSON v. AMERICAN CAR & FOUNDRY CO.

### (Circuit Court, N. D. Illinois, N. D. February 23, 1904.)

### No. 26,618.

**1.** EQUITY—SUBMISSION OF CAUSE ON PLEADINGS.

Where a cause is submitted on the pleadings, consisting of bill, answer, and replication, the answer must be taken as true, and the only facts which can be considered as established by the complainant are those set out in the bill which are not properly negatived by the answer.

**2. SAME—SUFFICIENCY OF ANSWER.**

An answer which specifically traversed the allegations of the bill, and also contained a general denial, *held* sufficient to put in issue all the material allegations of the bill, although as to one of such allegations it was not technically responsive.

In Equity. Suit for infringement of patent. Submitted on pleadings.

J. Gray Lucas, for complainant.

Banning & Banning, for defendant.

KOHLSAAT, District Judge. This matter is submitted to the court on the pleadings; i. e., the bill, answer, and replication. The bill charges the defendant with infringement of patent No. 594,286, for an improvement in casting composite and other wheels. The answer traverses the allegation of the bill in the following language: "This defendant denies that prior to the 10th day of February, 1897, or at any other time, the said complainant was the original and first inventor of an alleged improvement in casting composite or other car wheels described in letters patent No. 594,286, dated November 23, 1897, as set forth in said bill of complaint." The other traverses of the charges set out in the bill are properly responsive to the bill. The usual concluding clause of the answer makes general denial of all the allegations of the bill not specifically denied.

It appears that some confusion arose at the Patent Office as to the title of the invention, making it necessary, in the judgment of that office, that the public should be advised that the title was originally written, "Casting composite or other car wheels," whereas the same should have been written, "Casting composite or other wheels." This appears from complainant's brief. While the answer does not technically deny the first allegation of the bill in specific terms, I am of the opinion that, taken altogether, it does place in issue all the material charges thereof. Since the cause is before the court upon the pleadings only, the attempt of complainant's counsel to inject into the hearing the proofs and other matter before this court and the Court of Appeals in a former suit, as a result of which, the former cause was dismissed without prejudice, is improper. There is nothing before the court but the pleadings, and the only facts which can be considered as established by the complainant are those set out in the bill, and which are not properly negatived by the answer. Robinson Tobacco Co. v. Philips (C. C.) 12 Fed. 670; U. S. v. Ferguson (C. C.) 54 Fed. 29; Reynolds v. Crawfordsville First Nat. Bank, 112 U. S. 409, 5 Sup. Ct. 213, 28 L. Ed. 733; Humes v. Scruggs, 94 U. S. 24, 24 L. Ed. 51; Parker v. Town of Concord (C. C.) 39 Fed. 718. As above set out, the allegations of the answer are placed at issue by a general replication. For the purposes of this hearing the answer must be taken as true. That being so, there are no material facts proven or admitted, and consequently there is nothing upon which the court can base a decree for complainant.

The cause must be dismissed for want of equity.