ROBINSON v. AMERICAN CAR & FOUNDRY CO.*

(Circuit Court of Appeals, Seventh Circuit. January 3, 1905.)

1. EQUITY PLEADING—RESPONSIVENESS OF ANSWER.
   A denial in the answer in a suit for infringement of a patent that the patentee was the first inventor of the improvement described in the patent named in the bill, specifying it by number, is sufficient to raise the issue of invention, although the title of the patent as stated in the answer may be technically inaccurate.

2. SAME—REPLICATION.
   The replication to an answer in equity cannot be made to perform the office of exceptions.

3. RES JUDICATA—DECREE DISMISSING BILL WITHOUT PREJUDICE.
   A suit dismissed without prejudice is not a bar to a second suit, nor conclusive of any issue joined in favor of the complainant.

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

For opinion below, see 132 Fed. 165.

The bill was filed to enjoin the alleged infringement of a patent issued to the appellant for new and useful improvements in casting "composite and other wheels," dated November 23, 1897, and numbered 594,286. The bill

* Rehearing denied February 10, 1905.

asserts, "Which title was corrected November 30, 1897, by an amendation indorsed upon said letters, signed by the Assistant Secretary of the Interior, and countersigned by the Acting Commissioner of Patents," not stating, however, the title of the patent, nor in what respect that title was corrected. Otherwise the bill contains the usual allegations in such bills.

The answer denies that the complainant was the original and first inventor of the alleged improvement in casting "composite or other car wheels described in letters patent No. 594,286, dated November 23, 1897, as set forth in said bill of complaint"; denies the novelty of the invention; denies knowledge of the ownership of the patent by the complainant; denies the utility and value of the patent; denies public acquiescence in the validity of the patent and the rights of the complainant thereunder; denies "that it has at any time heretofore made, used, or sold the alleged invention and improvements set forth in said letters patent, or caused others so to do"; and denies intent to make, use or sell the alleged invention; denies that the alleged invention or improvements described in the letters patent contain the quality of invention, or require invention, or that the same are patentable, or that they exhibit anything more than the usual skill of mechanics employed in similar arts and industries. The answer then asserts that the alleged processes, combinations, molds, inventions, and improvements illustrated and described in the letters patent were, long prior to the supposed invention or discovery thereof by the complainant, described in 19 patents of the United States, which are set forth in the answer, and in a certain British patent also set forth. The answer further asserts prior public use of the supposed invention by many parties whose names and residences are stated, and in that connection asserts: "This defendant, further answering, says that since the summer of 1891 it has used the processes, combinations, and devices, and made the products in its works at Chicago, Illinois, of which infringement is charged against it by the complainant under his said letters patent sued on in this cause, and that the specific acts of infringement charged in this cause consisted in the same acts and doing the same things, and in none other, which it has practiced and done since the summer of 1891 at its works in Chicago, Illinois." The answer then further alleges that on July 12, 1898, the complainant filed his bill in the court below against the Wells & French Company and the Chicago City Railway Company, charging infringement of his said letters patent No. 594,286; that the defendants therein answered to that suit, denying infringement, in which cause evidence was taken, and upon the hearing the court below found the issue of noninfringement with the defendant, the Wells & French Company, and a decree was entered dismissing the bill of complaint; that the complainant appealed therefrom to the United States Circuit Court of Appeals for the Seventh Circuit, and that such decree was by said court, on the 29th of January, 1902, in all respects affirmed. The defendant further stated that it had succeeded to the rights of the Wells & French Company and to its plant, and is conducting and operating the same, with the same processes, molds, and methods of manufacturing car wheels that had been employed by the Wells & French Company, and which were found by the decree stated to be no infringement of letters' patent No. 594,286, and that it is entitled to the benefit and effect of the decree of the court rendered in that suit, which decree is charged to have settled the question of infringement, and to have estopped the complainant from asserting or claiming infringement as to the processes, molds, and methods of manufacturing car wheels used by the Wells & French Company, and held to be no infringement of the complainant's patent.

The complainant thereupon filed exceptions to the answer, the exception to the defense of res judicata being that the decree actually entered in that suit was as follows: "It is ordered, adjudged, and decreed by the court that this cause be, and the same hereby is, dismissed, without prejudice, at the complainant's cost." This exception upon hearing was sustained, the court deeming itself at liberty to refer to the record of the prior action; and thereupon, by leave of the court, the defendant withdrew and struck out the defense of res judicata, and the complainant below filed his general replication to the answer, and which also suggested that the answer was inconsistent and insufficient with respect to the denial of infringement. On December 15,

1903, the cause was ordered set down for hearing on the pleadings, no proofs having been taken. On January 14, 1904, the hearing of the cause upon the pleadings was postponed at the request of the complainant, with leave to him to take proofs within 10 days. On January 23, 1904, the record shows that there was filed in the office of the clerk below a certified transcript of the case of Robinson v. The Chicago City Railway Company and the Wells & French Company, but by whom filed does not appear; and on the 25th of January the cause was heard by the court upon the pleadings, and on the 23d of February, 1904, a decree was entered dismissing the bill for want of equity, the court filing an opinion to the effect that there was nothing before the court but the pleadings, and, the answer being taken as true, there was nothing upon which the court could base a decree for the complainant. That decree the complainant brings here for review.

Arba W. Waterman and J. Gray Lucas, for appellant.
Ephraim Banning, for appellee.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

JENKINS, Circuit Judge (after stating the facts). This cause was submitted and heard upon the pleadings, without evidence submitted by the complainant below to sustain the assertions of his bill. The sole question, therefore, for consideration is whether the answer contains admissions which would authorize a decree in his favor. It is insisted that the answer does not deny issuance of the patent, or that the complainant was the original and first inventor of the improvements mentioned therein, and concedes infringement. The bill states that the patent was issued for improvements in making "composite and other wheels." The answer denies that the complainant was the original and first inventor of the alleged improvement in casting "composite or other car wheels." Upon this is founded the objection that the answer does not controvert the novelty of the invention. We are without information of the exact title of the patent. According to the allegations of the bill this title was corrected subsequently to the issue, but in what respect is not stated. The objection is, however, purely technical, and of no moment. The bill states the number of the patent, and the answer denies that the complainant was the original and first inventor of the improvement specified in the letters patent so numbered; thus making certain the invention spoken to. It is a sufficient denial of the novelty of the alleged invention.

The answer denies that the defendant had at any time made use of or sold the alleged invention and improvements set forth in the letters patent mentioned. But it is insisted that this denial is qualified in the subsequent affirmative defense of prior use, by the allegation that since 1891—six years prior to the patent—defendant had used the processes, combination, and devices, and made the products in its works of which infringement is charged against it by the complainant under his letters patent, and that the specific acts of infringement charged consisted in the same acts and doing the same things, and none other, which it has practiced and done since 1891. No exception was preferred to the answer on this ground. There is interjected in the replication a suggestion of inconsistency in this respect. But the replication cannot perform the function of exceptions. A replication recognizes the sufficiency of the answer and

takes issue upon the facts charged. There is, however, no inconsistency in the two allegations. The first is a direct, positive denial of infringement; the second, that the acts of the defendant charged as infringing the patent have been done by it since 1891. It does not concede that these acts infringed the patent, but asserts, in legal effect, that if, as the complainant claims, they do so infringe it, then the performance of these acts dated from a period six years prior to the patent, sustaining the defense of a public use, and so establishing want of novelty in the invention. This objection is without merit. The case, then, being submitted upon the pleadings, upon the affirmations of the bill and the denials of the answer, which, so far as it is responsive to the bill, must be taken as true, there was no proof upon which a decree for the complainant could have passed.

The defendant had pleaded a prior suit between the complainant and the Wells & French Company and the Chicago City Railway Company, claiming advantage of the decree in that case as a privy. It is charged that the bill in that case was dismissed. The answer was excepted to upon the ground that it did not correctly set forth the decree in the other cause, and asserts that the cause was dismissed without prejudice. The court below deemed itself at liberty to go outside the pleading and to examine the former decree, and, finding it to be as stated by the exception, sustained the exception, and thereupon the defense of res judicata was withdrawn. It is now insisted by the complainant below, at whose instance that portion of the answer was stricken from the record, that we may inquire into that record, not pleaded, not contained in the record before us, and that we should hold that the record is res judicata between these parties so far as relates to the validity of the patent. This we cannot do. The record was neither pleaded nor put in evidence, and the cause was voluntarily submitted by the parties upon the pleadings. The clerk's minute does, indeed, state that there was filed in his office a copy of that previous record; but it was not put in evidence, and the mere filing of it in the clerk's office does not entitle it to be considered, nor is it brought here by the record for our consideration. But, if it could be considered, it would not avail the complainant. He asserts that that suit was dismissed at his cost, without prejudice, and that decree affirmed by this court (Robinson v. Chicago City Ry. Co., 55 C. C. A. 254, 118 Fed. 438), and claims, by reason of certain expressions in the opinion of the court, that the decree of dismissal without prejudice is effective for him, so far as it dealt with the question of the validity of the patent, but ineffective so far as it dealt with the question of infringement. This is a novel application of the doctrine of res judicata. A bill dismissed without prejudice is not a bar to a subsequent suit. County of Mobile v. Kimball, 102 U. S. 691, 705, 26 L. Ed. 238. We are without information why the bill was dismissed without prejudice, but such a decree cannot, in the nature of things, conclude the parties. If we may examine our opinion upon the appeal in the case referred to, it will be found that while recognizing and assuming, without discussion of the prior art, the novelty of the complainant's invention, we dealt principally with the question whether the acts of the defendants to that suit constituted

infringement of the complainant's rights, and held that they did not. The admissions of the answer in the present case upon which the complainant relies are that the acts done by it are the same acts, and none other, which were charged as an infringement in that prior case. If, therefore, the decree in the prior suit is res judicata upon the question of the novelty of his invention, it is equally conclusive that the prior decree is res judicata against him that the acts of the defendant here complained of do not constitute infringement of his patented rights.

· The decree is affirmed.