ROBINSON v. AMERICAN CAR & FOUNDRY CO. et al.

(Circuit Court, N. D. Illinois. January 9, 1906.)

1. JUDGMENTS—RES JUDICATA—DECREE WITHOUT PREJUDICE.

A judgment or decree without prejudice never works an estoppel or adjudicates the res.

[Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, § 1018.]

2. SAME—SCOPE OF ADJUDICATION—HEARING ON BILL AND ANSWER.

In a suit in equity for infringement of a patent which was submitted on the pleadings, consisting of the bill and an answer, which denied that complainant was the inventor of a device of the patent, a decree sustaining the sufficiency of the answer and dismissing the bill is a conclusive adjudication of such issue, and is a bar to a second suit for infringement of such patent between the same parties.

At Law. Motion for judgment on the pleadings.

J. Gray Lucas, for plaintiff.
Banning & Banning, for defendant.

SANBORN, District Judge. This is an action at law for damages for the infringement of a patent. By plea the defendant car company sets up a former adjudication in its favor. It appears that plaintiff first brought a suit in equity for infringement against the Wells & French Co., to which the car company is privy in interest, and this suit terminated in a decree dismissing the bill for want of equity on the ground that no infringement was shown. But the court recognizing the failure of complainant to properly conduct his case, dismissed the bill without prejudice to him. Robinson v. Chicago City Ry. Co., 118 Fed. 438, 55 C. C. A. 254.

Complainant then brought another suit in equity for infringement of the same patent against the car company, which terminated in a decree for want of equity. Robinson v. American Car & Foundry Co. (C. C.) 132 Fed. 165; Id., 135 Fed 693, 68 C. C. A. 331. The cause was submitted and heard upon the pleadings, without evidence. The only part of the pleadings here material follows: The bill alleged:

"And thereupon your orator complains and says that he was, and is, the first and true and original inventor of certain new and useful improvements in casting composite and other wheels described in letters patent hereinafter mentioned; and which had not been known or used before his invention thereof, and which at the time of his application for a patent therefor had not been in public use or on sale for a period of more than two years prior to his application."

To this allegation the answer contained the following denial:

"This defendant denies that prior to the 10th day of February, 1897, or any other time, the said complainant was the original and first inventor of an alleged improvement in casting composite or other car wheels described in letters patent No. 594,286, dated November 23, 1897, as set forth in said bill of complaint; and denies that said alleged improvement had not been known or used by others in this country before the application for said letters patent, and the alleged invention or discovery thereof by the said complainant; and denies that said alleged improvement and invention was not patented or described in any printed publication in this or any foreign country before the

alleged invention or discovery thereof by the complainant; and denies that said alleged improvement or invention was not publicly used or on sale in this country for more than two years prior to the date of the application for said letters patent."

It will be seen that these allegations raised the vital question whether the patentee was the original and first inventor of the improvement patented. The main question litigated was whether the answer was responsive to the bill, containing as it did a denial that complainant was the inventor of the alleged improvement in casting "composite or other car wheels," instead of "composite or other wheels," as alleged in the bill. On this question both the Circuit Court and the Court of Appeals held against complainant; and the, bill was dismissed for want of equity, on this vital point that complainant was not the inventor.

The present suit is the third in number, and is between the same parties or privies as the other two. Defendant's plea relies on the decree in the second suit as an estoppel. Complainant sets up new matter in his replication, to the effect that defendant is using different wheels from those in question in the second suit; that the cause of action is different; and some other matters. The question presented is therefore whether the decree in the second suit is res judicata in this. A preliminary question is raised, that the United States District Judge for the Western District of Wisconsin has no power to hear or decide this motion, without plaintiff's consent, and that no such consent has been given. As to this objection it is enough to say that plaintiff's attorney is confused as to the boundaries of the Seventh Circuit, by mistake assuming that Wisconsin is in some other circuit. Section 592, Rev. St. U. S. [U. S. Comp. St. 1901, p. 481], covers the case, and explains the reason why such judge was called in.

As to the estoppel, the court in the first case dismissed the bill without prejudice. This was done for the express purpose of permitting further litigation of the same questions. This being so, neither party can either plead the decree as an adjudication, or use it as evidence of estoppel. Estoppels are mutual; if one party is not bound the other cannot be. Hence the argument of plaintiff's attorney that the decree in the first case sustained the validity of the patent cannot be considered. A judgment or decree without prejudice never works estoppel or adjudicates the res. Not only was this so decided in plaintiff's favor in the second case (see 135 Fed. 694), but so are the authorities. Durant v. Essex Co., 7 Wall. 107, 19 L. Ed. 154; Mobile County v. Kimball, 102 U. S. 705, 26 L. Ed. 238; Story, Eq. Pl. § 793; 1 Dan. Ch. Pr. 659; Beach, Eq. Pr. § 643; O'Keefe v. Irvington, etc., Co., 87 Md. 196, 39 Atl. 428; Taylor v. Slater, 21 R. I. 104, 41 Atl. 1001; Seamster v. Blackstock, 83 Va. 232, 2· S. E. 36, 5 Am. St. Rep. 262; Burton v. Burton, 58 Vt. 414, 5 Atl. 281; Newberry v. Ruffin, 102 Va. 73, 45 S. E. 733; Cochran v. Couper, 2 Del. Ch. 27; Lang's Heirs v. Waring, 25 Ala. 625, 60 Am. Dec. 533; Richards v. L. S. & M. S. Ry. Co., 124 Ill. 516, 16 N. E. 909; Bates v. Skidmore, 170 Ill. 233, 48 N. E. 962; Bigelow v. Winsor, 67 Mass. 229, 301; Epstein v. Ferst, 35 Fla. 510, 17 South. 455; Hazen v. Lyndonville Bank, 70 Vt. 550, 41 Atl. 1048, 67 Am. St. Rep.

680. The case of Insurance Co. v. Harris, 97 U. S. 331, 24 L. Ed. 959, cited by plaintiff's attorney, does not hold the contrary.

On the remaining question, whether the decree in the second suit is res judicata, and prevents plaintiff from ever maintaining any other suit for infringement of the same patent against the same parties, there can be no question on the authorities. I feel absolutely obliged to so hold. Hubbell v. United States, 171 U. S. 207, 18 Sup. Ct. 828, 43 L. Ed. 136; Cromwell v. Sac Co., 94 U. S. 353, 24 L. Ed. 195; Nesbit v. Independent Dist., 144 U. S. 618, 12 Sup. Ct. 746, 36 L. Ed. 562; Southern Pac. Ry. Co. v. United States, 168 U. S. 1, 18 Sup. Ct. 18, 42 L. Ed. 355; Burthe v. Denis, 133 U. S. 522, 10 Sup. Ct. 335, 33 L. Ed. 768. The Hubbell Case above cited was a patent case.

Plaintiff voluntarily went to a hearing on the pleadings. He thereby admitted the truth of material facts well pleaded in the answer. In other words, he admitted that he was not the inventor of the patented devices, if defendant had well pleaded its denial. The court held that the answer was good; and, being admitted true, the case went to a decree. Plaintiff took his chance that the answer would prove good, in spite of the inaccuracy contained in it. Decree having gone, it was, and now is, conclusively established that plaintiff did not invent the devices. This is perhaps unfortunate, but there is no help for it. As the replication in this, the last case, admits such adjudication, it would be absolutely impossible for plaintiff to state any facts, short of waiver or agreement by defendant, however persuasive they might be, which would avoid the estoppel.

The motion for judgment is granted.