ROBINSON v. AMERICAN CAR & FOUNDRY CO.

(Circuit Court of Appeals, Seventh Circuit. November 15, 1907. Rehearing Denied January 15, 1908.)

No. 1,408.

JUDGMENT—MATTERS CONCLUDED—JUDGMENT AS BAR.

A decree dismissing a bill in equity for infringement of a patent on the merits is a bar to a subsequent action at law between the same parties for infringement of the same patent by the same device.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 1032, 1165, 1297.]

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

See 150 Fed. 331, 80 C. C. A. 127.

J. Gray Lucas, for plaintiff in error.
Thomas A. Banning, for defendant in error.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

SEAMAN, Circuit Judge. The judgment of the Circuit Court, brought for review upon this writ of error, dismisses the suit at law of the plaintiff in error, as against the defendant in error (impleaded with another defendant), charging infringement of letters patent No. 594,-

286, on hearing upon the pleadings. As it is the fourth adjudication against the plaintiff in error, upon like allegations of infringement of the patent in controversy, brought to this court for review, it would seem desirable to have the litigation terminated, and the present record affords ample tenders of the issues of law, as we believe, upon which that result may be reached. If the plaintiff in error suffers loss of any benefit of his patent, he has surely had sufficient days in court and patient hearings upon the merits for determination of any rights which were involved in the several actions.

The first two adjudications were upon bills filed in equity for alleged infringements of the patent, and the issues tried and decided in each are sufficiently stated, for present purposes, in the opinions, respectively, of this court, on appeal from each decree, reported as (1) Robinson v. Chicago City Ry. Co. et al., 118 Fed. 438, 55 C. C. A. 254, and (2) Robinson v. American Car & Foundry Co., 135 Fed. 693, 68 C. C. A. 331. After affirmance of the last-mentioned decree, dismissing the bill against this defendant in error for want of equity, the present suit at law was commenced against the defendant in error, impleaded with Chicago City Railway Company, resulting in a judgment below, upon the pleadings, in favor of the defendant in error. On writ of error to this court the judgment was reversed, for insufficiency of the pleas, with direction to the trial court to grant leave to amend, if desired. Robinson v. American Car & Foundry Co., 150 Fed. 333, 80 C. C. A. 127. The trial court granted leave to the defendant in error to file additional pleas, which were filed accordingly, by way of plea of res judicata, setting up in various forms of averment the issues which were tried and determined (as averred) under the above-mentioned second suit in equity, in favor of this defendant in error. General demurrers to these pleas were filed by the plaintiff in error, upon hearing were overruled, and on his election to stand by the demurrers the present judgment was entered.

The single question arising upon this record, therefore, is the sufficiency of the facts averred in one or the other plea, confessed by the demurrer, to establish the defense or bar of res judicata; and none of the various propositions urged in the brief and oral argument submitted on behalf of the plaintiff in error impress us as standing in the way of its solution. Each plea states with abundant particularity the issues raised, heard, and decided in the prior equity suit referred to between these parties, and specifies their identity with the subject-matter in controversy here—the same patent to be construed and the same device and acts alleged as infringement thereof—together with identity of parties. Each plea states—as the above-mentioned opinion upon the appeal from the decree shows—that the issues were there determined upon the merits. So the prior adjudication thus averred was clearly brought within the elementary rule which bars a second action upon the same claim or demand. In the language of the opinion in Cromwell v. County of Sac, 94 U. S. 351, 352, 24 L. Ed. 195:

"It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose."

See 9 Notes U. S. Rep. 93, for exemplifications of the rule.

The power of the trial court to allow the pleas to be filed is challenged on behalf of plaintiff in error; but the propositions and citations thereupon are inapplicable, and both power and rightful allowance are unquestionable. The elaborate brief of counsel for the plaintiff in error travels widely afield in discussion and citations not involved in this review, and the assignment of errors likewise departs from reviewable questions. No further consideration, however, is deemed needful or useful, as the foregoing view is decisive of the only reviewable matter.

The judgment of the Circuit Court is affirmed.