HARDINGE CONICAL MILL CO. v. ABBE ENGINEERING CO. et al.

(Circuit Court, S. D. New York. October 29, 1910.)

No. 5–8.

PATENTS (§ 314*)—SUIT IN EQUITY FOR INFRINGEMENT—PROCEDURE—MOTION TO DISMISS.

In a suit in equity for infringement of a patent, a motion by defendant to dismiss, after complainant has rested on his prima facie case, must be on the merits, so that the cause will be disposed of as on final hearing; and a motion to dismiss, on the ground that the proofs taken are insufficient to establish infringement, will not be entertained.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 314.*]

In Equity. Suit by the Hardinge Conical Mill Company against the Abbe Engineering Company and others. On motion by defendants to require complainant to take further proofs on its prima facie case, or that the bill be dismissed. Motion overruled.

Suit in equity for infringement of H. W. Hardinge patent, No. 908,861. At the end of complainant's prima facie case, and before taking defense proofs, defendants move "for an order requiring the complainant, as part of the prima facie case herein, to produce proof, if complainant can produce such proof, that the defendants' mill constitutes an infringement of the Hardinge patent in suit, or, in lieu thereof, that the bill of complaint herein be dismissed, with costs to defendants, or for such other relief to these defendants as may to the court seem meet."

Kerr, Page, Cooper & Hayward and Drury W. Cooper, for complainant.

Rogers, Kennedy & Campbell and Donald Campbell, for defendants.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WARD, Circuit Judge (after stating the facts as above). I do not know of any practice either in equity or in admiralty to dismiss causes at the close of the complainant's case, as is done by nonsuit in trials at law. Reference is made to three cases: O'Neile v. Ternes, 32 Wash. 528, 73 Pac. 692; Mounce v. Byars, 11 Ga. 180; Union Pacific R. R. Co. v. Harmon, 54 Fed. 29, 4 C. C. A. 165. In the first such a nonsuit seems to have been granted, apparently by a judge in a trial in open court; the second was a trial before a judge and jury; and in the third the bill was dismissed after the cause had been set down for final hearing on the pleadings in the usual way. It seems to me that, after the complainant has rested on his prima facie case in a patent cause, a motion to dismiss must be on the merits, so that the cause will be disposed of exactly as if on final hearing.

What the defendants want is, not a decision on the merits as to infringement, but a halfway decision in the cause which will not dispose of it. Such dismissals not on the merits would invite complainants to experiment in making the prima facie case as thin as possible, and defendants to move to dismiss in every case. Causes would have to be considered several times, instead of once, with innumerable applications to amend, reopen for further proofs, etc. Conceding that such a course is within the power of the court, and may be advantageously pursued upon clearly defined questions of law (De Laval Co. v. Vermont Co. [C. C.] 109 Fed. 813; Streat v. American Rubber Co. [C. C.] 115 Fed. 634), it would, if applied to the question of infringement or noninfringement, greatly increase the labors of the court in this branch of its jurisdiction, onerous enough in this circuit as it is.

Therefore, without considering the merits, the motion to dismiss is denied.