### VROOMAN et al. v. BURDICK et al.

(Circuit Court of Appeals, Sixth Circuit. May 4, 1915.)

No. 2590.

**1. Patents ⊂⊃313—Suit for Infringement—Dismissal.**

Where no move was made by complainant to take proofs in an infringement case within the time prescribed by the rules after the issues were made up, the court properly dismissed the bill on motion of defendant.

[Ed. Note.—For other cases, see Patents, Dec. Dig. ⊂⊃313.]

**2. Patents ⊂⊃308—Preliminary Injunction—Liability on Bonds.**

Federal courts of equity are not governed by state statutes fixing liability of a complainant in case of the dissolution of a preliminary injunction, but such liability depends on the terms of the bond, if any, required by the court. Where such a bond in an infringement suit required the payment of damages the defendant might sustain "if it be finally decided that the said preliminary injunction ought not to have been granted," a mere dissolution of the injunction, without further finding, does not entitle defendant to damages.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 504–506; Dec. Dig. ⊂⊃308.]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; John M. Killits, Judge.

Suit in equity by Warren F. Vrooman and Arba E. Vrooman against Will Burdick and Harrison Burdick. Decree of dismissal, and complainants appeal. Affirmed.

O. C. Billman, of Cleveland, Ohio, for appellants.

A. L. Lawrence, of Cleveland, Ohio, for appellees.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. [1] The appellants Vrooman, who were the successful complainants in the infringement suit decided by this court and reported in 179 Fed. 296, 102 C. C. A. 484 (Vrooman v. Penhollow), after our decision in that case, filed an infringement bill in the usual form against the present appellees Burdick, and moved for and ob-

tained a preliminary injunction. The defendants answered, denying both validity and infringement; and since they set up additional patents in anticipation, and since their machine was of a different form from that held in the former suit to infringe, it is clear that they had a full right to their day in court on both these issues. Plaintiffs filed replication on June 10, 1912. On September 14th, no proofs having been taken by either party, and the three months provided therefor by rule having expired, defendants set the cause for hearing on bill, answer, and replication, and it was accordingly so brought on for hearing. Plaintiffs made no effort to get permission to take proofs, nor any application at any time to be in any way relieved from the situation thus created. The affidavits on the motion for injunction could not be considered as evidence on the hearing, there was no proof of validity or infringement, and the court could do nothing, except dismiss the bill, as it did. Robinson v. American Co. (C. C. A. 7) 135 Fed. 693, 68 C. C. A. 331.

[2] The decree also directed a special master to state an account of defendants' damages by reason of the granting of the preliminary injunction. We understand that nothing has been done pursuant to this reference, and defendants' counsel disclaims any intention to proceed thereunder; but we think the practice on this subject has been somewhat misconceived. In Ohio, the party, who obtains a preliminary injunction is required, by statute, to indemnify defendant against damages caused by the issue of the injunction, if it shall thereafter be dissolved. This statute does not apply to the federal courts sitting in equity, and in those courts there is no fixed rule on the subject. A preliminary injunction is not, ordinarily, granted until after a hearing, and the court does not require the plaintiff to give indemnity as a condition of receiving that to which the court has held he is entitled, unless some special considerations upon the balancing of equities seem to make it just to do so. If such bond is required, its conditions, since they are dependent on no statute, should be carefully fixed, so that the security which is given to defendant shall be real and not merely colorable. If a preliminary injunction is reversed on appeal, or discharged on final hearing, it does not follow that its issue was wrongful. In patent cases, especially, any condition in such a bond which requires damages for the wrongful issue of preliminary injunction is liable to confuse; and this because the preliminary right and final right are so often different.[1]

In this case the granting of a restraining order was conditioned upon the execution of "a satisfactory bond," and the bond given pursuant thereto was conditioned that the plaintiff should "pay all moneys and costs which should be adjudged against them in case the said injunction should be dissolved." The preliminary injunction was allowed

---

[1] This court has (without special mention of this point) approved bonds conditioned "if the cause shall ultimately be determined against [plaintiff]," or "if it be finally determined either that the patent sued on is invalid or that defendants were not acting in infringement of it." Grand Rapids v. Warren, 196 Fed. 892, 893, 116 C. C. A. 454; Acme Co. v. Commercial Co., 192 Fed. 321, 323, 329, 112 C. C. A. 573.

upon the execution of a bond "conditioned according to law," and when. this bond was filed it was conditioned that the plaintiffs pay the damages which defendants "may sustain by reason of the preliminary injunction in this cause, if it be finally decided that the said preliminary injunction ought not to have been granted." It will be seen that without the aid of the Ohio statute the force of these bonds is very doubtful, and the final decree in this case, while it doubtless dissolves the preliminary injunction, is far from being a decision that such writ of injunction "ought not to have been granted."

There is no assignment of error complaining of the decree because it directs this accounting, and so we will not order any modification. In view of counsel's disclaimer, no further proceedings need be apprehended. We find no merit in appellant's other contentions.

The decree is affirmed.