Samuel S. Jackson Company vs. Walter B. Atwood et al. } Eq. No. 4102

October 26, 1917

BARROWS, J. Heard (1) on respondent's motion to enjoin complainant's suit at law against respondent in Massachusetts for the same cause of action; (2) on creditors' bill and answer.

(1) Whether the suit shall be enjoined is within our discretion.

Quidnick Co. vs. Chaffee, 17 R. I. 367 at 387.

Jenks vs. Smith, 14 R. I. 634.

The facts in the present case, by the decree now on file, show that complainant is adequately protected. He presents no good reason why this bill and his suit at law should proceed concurrently. Complainant, therefore, until further order of the Court, may be enjoined from prosecution of the suit at law in Massachusetts.

(2) This case has been before the Presiding Justice on prayer for a preliminary injunction. It was then held, extending the doctrine of Curtis vs. Morton, 39 R. I. 331, from supplementary proceedings to creditors' bills, that although the execution has been returned nulla bona prior to its return day, yet the bill stated a case.

Respondent now claims that a narrower point is raised at the hearing on bill and answer because the answer denies that personal service of the execution cannot be made in Rhode Island and avers that the return of nulla bona was made by the sheriff without independent search and under instruction from complainant's attorney.

Scheubert vs. Hopel, 50 Ill. App. 597.

Respondent is correct in contending that at this hearing the admitted allegations of the bill and the new allegations of the answer must be accepted as true.

2 Daniell's Chan. Pr. 6th ed. p. 982.

Brinkerhoff vs. Brown, 7 Johnson's Chan. 217.

Robinson vs. American Car Foundry Co. 132 Fed. 165 (D. C.); 135 Fed. 693 (C. C.).

From the above it follows that the fact is established by respondent's admission in the answer that he has no property of any kind subject to

attachment or which may be reached in an action at law in this or any other jurisdiction. Conceding the doctrine of Scheubert vs. Hopel, supra, that the return of nulla bona should be made by the sheriff as an independent officer on his own responsibility and not at the mere bidding of complainant's attorney, yet on the facts as we here have them, it will be noted that by respondent's admission a search for property upon which to levy would have availed nothing and the same return would have been required as that which was actually made. We are not prepared to say that the mere fact that the sheriff believed that respondent had no property as a result of true information obtained from complainant's attorney is sufficient to vitiate the return as a basis for the creditors' bill.

The only question remaining is whether the fact that personal service of the execution might have been but was not made on respondent will render the return ineffective as a basis for this bill. Some force seems to have been given to this fact in the Scheubert case, supra. That such service would have resulted in respondent's paying the execution is highly improbable in view of respondent's paying the execution is highly improbable in view of respondent's seal in trying to prevent complainant from collecting in this proceeding. We therefore hold that this bill can be maintained without personal service of the execution and upon a return by the sheriff of nulla bona prior to the return day of the execution.

Decree may be entered accordingly.

For complainant: Easton, Williams & Rosenfeld.

For respondents: Wilson, Gardner & Churchill.