## KULESZA et al. v. BLAIR et al.
### No. 5106.

Circuit Court of Appeals, Seventh Circuit.
April 17, 1934.

Rehearing Denied May 22, 1934.

506

Jacob G. Grossberg and Harry H. Hitzeman, both of Chicago, Ill., for appellants.

James M. Sheean and Weymouth Kirkland, both of Chicago, Ill., for appellees.

Before ALSCHULER, SPARKS, and FITZHENRY, Circuit Judges.

SPARKS, Circuit Judge.

Appellants filed a bill in equity in behalf of themselves and of 2,000 creditors of one Elbert R. Robinson. Robinson was an inventor who died in 1925. He had secured a series of patents on his inventions, including No. 886,541, issued in 1908, for the infringement of which appellants instituted this suit in October, 1929, against the receivers of the Chicago Railways Company, who were appointed in 1926. Appellants claimed that the right to bring the action in their own names arose out of the fact that Robinson had created a mortgage on all his patents in favor of all those persons who furnished the money needed by him to patent his inventions and to carry on the litigation started by him to protect his patent rights. Two notes, alleged to be specimens of a series of several thousand aggregating a total amount of $85,000,000 held by the 2,000 creditors represented by appellants, were introduced in evidence. One of them is as follows:

$12525.00          Chicago May 14, 1919

"When Suit end after date I promise to pay to the order of Joseph M. Wosik Twelve Thousand Five hundred and Twenty five Dollars When suit end in the U. S. Supreme Court Case 26618 against The American Car and Foundry Company for value received
"E. R. Robinson
"No. 594286  Due When suit end."

The payee of this note testified that he actually paid $25 for it, and there was testimony that other notes for thousands of dollars were given to persons who paid $25 or $50 for them. Appellants' claim to a mortgage was based on the fact that Robinson stated many times in meetings of the noteholders that those notes constituted a first mortgage on all his patents. The District Court rightly held that such evidence did not establish the existence of a mortgage, and that the appellants therefore had no right to bring the action for the infringement of the patent.

After the District Court announced its decision in favor of appellees, appellants presented a motion for rehearing or an additional hearing on the ground of newly discovered evidence. This evidence consisted of an assignment as follows (our italics):

"Whereas I, Elbert R. Robinson, city of Chicago, County of Cook, State of Illinois, did obtain letters patent of the United States for an improvement in molding, as well as other patents, *which letters patent are numbered 594-286, as well as other patents granted to me on different dates and times;* and,

"Whereas, it became as was necessary for me to obtain a large sum of money to be used in the prosecuting of certain lawsuits for infringements of the said patents granted to me as aforesaid, and certain people have loaned to me various sums of money to be used to prosecute the said lawsuits as aforesaid, hereinafter designated as Creditors, and have received my promissory note as evidence of indebtedness against the said patent, due and payable when the suit ends; and,

"Whereas, I am desirous of giving the people furnishing the money further security for the money advanced and to be advanced to me, as above set forth, and feeling that it is my duty to do so;

"Now, therefore, to all whom it may concern, be it known that for and in consideration of the sum of moneys advanced and to be advance to me in the future for the prosecution of the lawsuits and for the purpose of defending lawsuits, to me in hand paid, the exact amounts being unknown to me, but the notes amounting to several thousands of dollars, the receipt of which is hereby acknowledged, I, Elbert R. Robinson, inventor, have sold, assigned and transferred, and by these presents do sell, assign and transfer, unto the said Creditors or noteholders *the undivided one-half part of the whole right, title and interest in and to the said invention, and in and to the letters patent therefore aforesaid;* the said undivided one-half part to be held and enjoyed by the said Creditors or Note-Holders for their own use and behoof, and for the use and behoof of their legal representatives, to the full end of the term for which *said letters patent are* or may be granted, as fully and entirely as the same would have been held and enjoyed by me had this assignment and sale not been made.

"In witness whereof, I have hereunto set my hand and affixed my seal this 5th day of December, 1921.

"[Signed] Elbert R. Robinson."

This assignment was said to have been in the possession of an attorney who represented Robinson in a bankruptcy proceeding. Appellants did not have it in their possession and were not even aware of its existence until after the District Court had rendered its decision, and there was no evidence introduced as to its delivery. It will be noted from the portions which we have italicized that the assignment purports only to convey a half interest in patent No. 594,286. The case at bar is grounded upon the infringement of patent No. 886,541. It may perhaps be that the patentee intended to assign the same interest in all his patents, but the silence of the record as to delivery, and the difficulty of identifying the parties alleged to be benefited by the assignment, in addition to the ambiguity as to the patents alleged to be assigned, warranted the District Court in holding that this instrument did not give the appellants the title to patent No. 886,541.

We have less hesitation in reaching this conclusion because of the previous litigation between these same parties. The case at bar is one of a long series of cases in the federal and state courts involving the patents of Robinson, including one criminal case in which the inventor was convicted of maintaining a confidence game by the use of notes such as are here involved. People v. Robinson, 299 Ill. 617, 132 N. E. 803. Appellants complain that the case as to infringement has never been heard on the merits, but has always been disposed of on technicalities. Robinson himself brought five suits for infringement of his patents, the first four of which were based on No. 594,286, the patent involved in the assignment and notes herein presented, and the fifth on No. 886,541, the subject of this litigation. It appears from the opinions in those cases that only the first took up the question of infringement and was in fact dismissed for noninfringement, although without prejudice. See Robinson v. Chicago City Railway Company (C. C. A.) 118 F. 438. The others were dismissed either without prejudice, or for want of equity, on the basis of the pleadings. See Robinson v. American Car & Foundry Co. (C. C.) 132 F. 165; Id., 135 F. 693 (C. C. A.); Robinson v. American Car & Foundry Company (C. C.) 142 F. 170; Id., 150 F. 331 (C. C. A.); Robinson v. American Car & Foundry Company, 159 F. 131 (C. C. A.); Robinson v. Chicago Railways Company, 174 F. 40 (C. C. A.). It would seem that every opportunity was given to him to perfect his rights of action, but the courts did insist that their rules of procedure should be respected and followed. It is necessary for the carrying on of the business of the courts that certain rules of procedure be laid down. These rules are perhaps more or less technical, but they are essential for the orderly procedure of the courts. Ignorance of those rules can not excuse their flagrant violation. It is very true that there has never been any adjudication as to the infringement of the Robinson patents, with the possible exception of his first case, supra, but the only reason for that is the fact that neither Robinson nor his administratrix ever framed their pleadings in such manner as to permit a decision of the case on its merits, and appellants have shown no title in themselves to support their cause of action. They had a right to protect themselves by taking a valid assignment of Robinson's patent rights if they chose to advance money to him for his litigation. If they relied upon vague promises of his that they were mortgagees of his patent rights, they cannot now be heard to complain because their mortgage is not capable of proof. The fact of their lack of title renders it unnecessary for us to consider other questions presented.

Decree affirmed.