## KULESZA et al. v. AMERICAN CAR & FOUNDRY CO. et al.

### No. 9249.

District Court, N. D. Illinois, E. D.
Feb. 15, 1939.

Harry H. Hitzeman, John E. Gardner, Jacob G. Grossberg, and Richard S. Tuthill, all of Chicago, Ill., for plaintiffs.

Banning & Banning, of Chicago, Ill., for defendant American Car & Foundry Co.

Louis David Friedman, Samuel Micon, Sol Andrews, Thomas V. Sullivan, Frank E. McAllister, Walter W. Sturtz, and Hugo Radau, all of Chicago, Ill., for various other defendants.

WILKERSON, District Judge.

The American Car and Foundry Company, one of the defendants (hereinafter referred to as the Company) has moved to dismiss the bill. The bill was filed on July 26, 1929. It charged infringement of a patent by the Company. It asserted equitable title to the patent in plaintiffs, and named as defendants, in addition to the Company, a number of persons who, the bill alleged, purported to have adverse title claims.

Successive motions to dismiss were filed by the Company to the original, first amended, and the second amended bills. On February 1, 1932, the motion to dismiss was overruled without prejudice to the right of the Company to renew the specific objections in the answer. Defendant's time to answer was extended until twenty days after plaintiffs had served notice on the Company that process had been served on all other defendants.

After the court on February 1, 1932, had ruled on the motion to dismiss in this case, the Circuit Court of Appeals of this Circuit on April 17, 1934, decided the case of Kulesza v. Blair, 70 F.2d 505. That case involved the same patent as is here involved. The title claim of the plaintiffs in that case was the same as that of the plaintiffs here. The Court of Appeals held that the plaintiffs did not have sufficient title upon which to maintain the bill.

After various proceedings, the Company filed answer on May 6, 1937. On May 14, 1937, the Company filed the present motion to dismiss.

The Company contends that this court is without jurisdiction and that it may raise the jurisdictional question at any time. While plaintiffs contend that the order of February 1, 1932, is final, I see no reason why the court in its discretion may not reconsider that order, particularly in view of the later decision of the Circuit Court of Appeals in the Kulesza case.

The objections raised by the Company may be summarized as follows: Plaintiffs, as mere noteholders, do not have the title of patentee, assignee, or grantee, which is necessary to enable them to sue for infringement of a patent under Sec. 4919, R. S., Tit. 35 U.S.C. § 67, 35 U.S.C.A. § 67. The prayer of the bill for an adjudication of title against the defendants, other than the Company, presents a controversy separate and distinct from the controversy with the Company. That controversy does not involve a patent but merely a question of title to a patent of which the Federal Court does not have jurisdiction unless there is diversity of citizenship and the requisite jurisdictional amount. That separate and distinct controversy is between citizens of the same state, and accordingly the Federal Court has no jurisdiction of that cause and cannot be given jurisdiction over it by joining with it a separate and distinct infringement suit against the Company. A bill will not lie first to establish title in the plaintiffs against persons other than the Company, and, if the plaintiffs succeed in establishing title, then to maintain the infringement suit against the Company. The Company also contends that for the reasons aforesaid the bill is multifarious.

Plaintiffs contend that the bill merely sets up a patent and alleges that the Company infringed the patent; that the court has jurisdiction of an infringement suit and, as an incident to such jurisdiction, may decide the question of title, as, where a suit is for infringement and the defendant claims a license and the actual dispute is whether the license is still in force, the primary question is the infringement, and the question of the license is secondary and collateral, however controlling it may turn out to be; that an exclusive licensee, if the licensor will not join in the suit, may join the licensor as nominal defendant to bring the patent title before the court, and the bill in the case at bar follows that practice; that the plaintiffs, claiming to be equitable owners of the entire title the same as an exclusive licensee, have named as nominal defendants those parties who have or may have asserted any claim whatsoever to title, including the administrator of the patentee, and in that manner the entire title has been brought before the court. Plaintiffs also state that the nominal defendants, including the administrator of the patentee, have stipulated to adopt that part of the bill which charges infringement, and have thus requested an adjudication on the question of infringement; that in this manner all of the parties having any claim of title are presenting a united front against the alleged infringer, leaving the question

of the respective interests of the stipulators to be determined in an ancillary proceeding following the finding on the question of infringement.

The bill avers that the plaintiffs are residents of Illinois and that all of the individual defendants are likewise residents of Illinois and claim title adverse to plaintiffs. The bill asserts (par. 3) that plaintiffs and 2,000 or more persons for whom the representative bill speaks, made payments to Robinson, the patentee, in large amounts, and received therefor promissory notes, "agreeing to pay specified sums of money, which said notes were in effect secured by and constituted a first lien and mortgage on each and all of said Robinson patents, including the patent in suit * * *." The notes were not an absolute obligation against Robinson, but were to be paid from moneys which might be "realized or recovered from or in connection with the infringements of said patents, including the patent in suit."

The bill alleges (par. 14) that the individual defendants "claim some form of title or interest" in the patent or recoveries thereunder or both, "adverse to or in conflict with the title and rights" claimed by the plaintiffs, and asks the court to bring such individual defendants into the proceeding and to hold that they have no proper right, claim or title in the patent or in connection therewith, so that by this action plaintiffs may have their rights to the patent established and may have all such other alleged claims, rights, and titles forever foreclosed and barred.

One who does not have the legal title or an exclusive license cannot sue alone, but must join the owner of the patent. Crown Die & Tool Co. v. Nye Tool & Machine Works, 261 U.S. 24, 43 S.Ct. 254, 67 L.Ed. 516; Waterman v. Mackenzie, 138 U.S. 252, 11 S.Ct. 334, 34 L.Ed. 923, 925–927. The plaintiff, if he is unable to get the owner of the patent to join with him as plaintiff, may allege that fact and join the owner as a defendant. Waterman v. Mackenzie, supra. In such case it clearly appears that the licensor is in effect being made a co-plaintiff (Independent Wireless Tel. Co. v. Radio Corp., 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357) and that the title of the licensor is not being denied but is being relied upon.

The bill in the case at bar, however, does not rely upon any outstanding title; on the contrary, it denies that there is any outstanding title. Plaintiffs therefore rely only on whatever their own interest may be. The allegations with reference to that interest are in substance as follows:

As hereinbefore noted, the bill (par. 3) alleges that the plaintiffs and the persons represented by them, by advancing large sums of money to the original patentee, acquired the "entire equitable right, title and interest in and to said patent No. 886541 and in and to all rights to recover for infringements of said patent, and have full right, power and license to sue and recover for infringements * * * and that they have been such equitable owners and have had such rights during the entire last six years of the life of said patent No. 886541, and from the date of its expiration down to the present time."

The plaintiffs represent that they are "noteholders" who lent money to Robinson, who gave them as evidence of the debt notes (Plaintiff's Bill of Particulars, Ex. A) payable at no definite time but merely "when suit end." The bill (par. 3) avers that these notes "were in effect secured by and constituted a first lien and mortgage" on the patent. The "effect", of course, is merely a conclusion of the pleader. No mortgage is set forth, and the most that plaintiffs claim is, as above stated, the "equitable title" to the patent (pars. 3, 8).

Sec. 4919, R.S., 35 U.S.C.A. § 67, specifies who may bring suit for recovery of damages: "Damages for the infringement of any patent may be recovered by action on the case, in the name of the party interested, either as patentee, assignee, or grantee. * * *"

Sec. 4898, R.S., 35 U.S.C.A. § 47, provides that any interest in the patent may be assignable only by an instrument in writing.

The legal status of the plaintiffs is identical with the status of the plaintiffs in the case of Kulesza v. Blair, 7 Cir., 70 F.2d 505. While there was some evidence taken in that case, the allegations of the bill in the case at bar set forth facts which are the equivalent of the facts in the Blair case. In that case the court said (70 F.2d page 506): "Appellants' claim to a mortgage was based on the fact that Robinson stated many times in meetings of the noteholders that those notes constituted a first mortgage on all his patents. The District Court rightly held that such evidence did not establish the existence of a mortgage, and that the appellants therefore had no right to bring

the action for the infringement of the patent."

After referring to a number of other cases in which the Robinson patent was litigated, the court said (70 F.2d page 507): "They [the plaintiffs] had a right to protect themselves by taking a valid assignment of Robinson's patent rights if they chose to advance money to him for his litigation. If they relied upon vague promises of his that they were mortgagees of his patent rights, they cannot now be heard to complain because their mortgage is not capable of proof. The fact of their lack of title renders it unnecessary for us to consider other questions presented."

■ . The allegations of the bill do not show that plaintiffs have the requisite title to enable them to maintain a suit for infringement. They must stand or fall on their own title as set forth in the bill. The motion to dismiss the bill is sustained and the bill dismissed.