## KULESZA et al. v. AMERICAN CAR & FOUNDRY CO. et al.

### No. 7039.

Circuit Court of Appeals, Seventh Circuit.
Feb. 29, 1940.

Rehearing Denied April 8, 1940.

Harold O. Mulks, of Chicago, Ill., for appellants.

Samuel W. Banning and Ephraim Banning, both of Chicago, Ill., for appellees.

Before SPARKS, TREANOR, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

This action in equity was instituted by appellants on October 4, 1929. They alleged that they were all residents of Illinois, and were the equitable owners of United States Patent to Robinson, No. 886,-541. The patent issued on May 5, 1908. It expired in May, 1925, and Robinson died in December, 1925. Plaintiffs aver that they represent a class of 2,000 other joint equitable owners. They charge the American Car and Foundry Company with infringement of the patent, and demand an accounting for profits and damages resulting therefrom. The bill makes many others parties defendant, including the widow, as administratrix, of the patentee, and alleges that the defendants, aside from the Company, are claiming an unfounded title or interest adverse to that of plaintiffs, and they ask that plaintiffs' title be declared valid and that they be awarded damages for infringement.

The defendants, other than the Company, answered, alleging valid adverse interests, and admitting their residence to be in Illinois. However, they agree with plaintiffs that the Company has infringed the patent, and they all urge that the question of infringement be first adjudicated, and that the many conflicting interests of alleged title owners be subsequently determined.

On motion of the American Car and Foundry Company, the court dismissed the bill of complaint for want of jurisdiction, holding that plaintiffs lacked title to the patent, and were without power or capacity to maintain a suit for infringement. From this decree this appeal is prosecuted.

It is clear that if the court's ruling was sound with respect to the question of who may bring suit for infringement, the issue with respect to the adverse title between plaintiffs and the claiming defendants could not proceed because there was a lack of diverse citizenship of the parties.

The questions here presented were before us in Kulesza v. Blair, 7 Cir., 70 F.2d 505, where the nature of appellants' alleged title is fully set forth, and we decided them adversely to appellants' contentions here. True, some evidence was taken in that case, but the allegations here are the equivalent of the facts presented there, and they constitute no basis for establishing title sufficient to maintain the suit within the purview of Sections 4919 and 4898 of the Revised Statutes, 35 U.S.C.A. §§ 67, 47.

The decree here is affirmed on the authority of the Kulesza case, supra.